In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00159-CR

                                                ______________________________

 

 

                                  DAVID SCOTT DANIELS,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                      On Appeal from the 402nd
Judicial District Court

                                                             Wood County, Texas

                                                       Trial Court
No. 20,064-2008

 

                                                     
                                             

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                            Memorandum Opinion by Justice Moseley








                                                     MEMORANDUM  OPINION

 

            David
Scott Daniels appeals the revocation of his community supervision.  In the underlying conviction, he pled guilty
to unauthorized use of a motor vehicle.  Tex. Penal Code Ann. § 31.07 (Vernon
2003).  He was placed on five years’
community supervision.  Revocation
proceedings were brought and Daniels pled true to a violation of his terms of community
supervision (and not true to several other allegations).  His community supervision was revoked and he
was sentenced to one year in a state-jail facility.

            Daniels’
attorney on appeal has filed a brief which discusses the record and reviews the
proceedings in detail. Counsel has thus provided a professional evaluation of
the record demonstrating why, in effect, there are no arguable grounds to be
advanced.  This meets the requirements of
Anders v. California, 386 U.S. 738
(1967); Stafford v. State, 813 S.W.2d
503 (Tex. Crim. App. 1981); and High v.
State, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978).

            Counsel
mailed a copy of the brief and a letter to Daniels on December 21, 2010,
informing Daniels of his right to file a pro se response and of his right to
review the record.  Counsel has also
filed a motion with this Court seeking to withdraw as counsel in this
appeal.  

            Daniels
filed a pro se response on February 2, 2011. 
In his response, he complains about the evidence supporting the
underlying conviction and about a perceived level of confusion in the
prosecution of the case at the trial court.  We point out that this appeal is not taken
from the underlying conviction.  Any
complaint about that proceeding would have had to be raised in an appeal from
the conviction.  The only proceeding
before this Court on appeal is the revocation and subsequent sentencing. 

            We
have determined that this appeal is wholly frivolous.  We have independently reviewed the clerk’s
record and the reporter’s record, and we agree with counsel’s assessment that
no arguable issues support an appeal.  See Bledsoe v. State, 178 S.W.3d 824,
826–27 (Tex. Crim. App. 2005).  

            In
a frivolous appeal situation, we are to determine whether the appeal is without
merit and is frivolous, and if so, the appeal must be dismissed or
affirmed.  See Anders, 386 U.S. 738.   We
affirm the judgment of the trial court.[1]

 

 

                                                                        Bailey
C. Moseley

                                                                        Justice

 

Date Submitted:          February
4, 2011

Date Decided:             February
8, 2011

 

Do Not Publish











[1]Since
we agree this case presents no reversible error, we also, in accordance with Anders, grant counsel’s request to
withdraw from further representation of Daniels in this case.  No substitute counsel will be appointed.  Should Daniels wish to seek further review of
this case by the Texas Court of Criminal Appeals, Daniels must either retain an
attorney to file a petition for discretionary review or Daniels must file a pro
se petition for discretionary review. 
Any petition for discretionary review must be filed within thirty days
from the date of either this opinion or the last timely motion for rehearing
that was overruled by this Court.  See Tex.
R. App. P. 68.2.  Any petition for
discretionary review must be filed with this Court, after which it will be
forwarded to the Texas Court of Criminal Appeals along with the rest of the
filings in this case.  See Tex.
R. App. P. 68.3.  Any petition for
discretionary review should comply with the requirements of Rule 68.4 of the
Texas Rules of Appellate Procedure.  See Tex.
R. App. P. 68.4.








fy;text-justify:inter-ideograph;
mso-pagination:widow-orphan;mso-layout-grid-align:auto;text-autospace:ideograph-numeric ideograph-other'>Date Submitted:          October 6, 2011

Date Decided:             October 7, 2011

 











[1]Johnson
has been declared a vexatious litigant in at least three district courts of the
State of Texas.  See:  R. Wayne
Johnson v. John Cornyn and Andy Taylor, B-01-1159-0-CV-B
(156th Dist. Ct, Bee County, June 14, 2001); R. Wayne Johnson v. Mary Bacon, 2009-15297 (133rd Dist. Ct., Harris
County, July 21, 2009); R. Wayne Johnson
v. Oliver Bell, et al, D-1-GN10-001424 (345th Dist. Ct., Travis County,
Aug. 26, 2010).  We also find that one of
our sister courts has previously dealt with Johnson in his capacity as a
vexatious litigant.  See In re Johnson, No. 07-06-00445-CV,
2006 Tex. App. LEXIS 10527 (Tex. App.––Amarillo Dec. 8, 2006, orig.
proceeding); In re Johnson, No. 07-04-416-CV,
2004 Tex. App. LEXIS 7580 (Tex. App.––Amarillo Aug. 23, 2004, orig.
proceeding).